BLD-146                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3173
_____

JAMES CAMPBELL,
                                        Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 16-cv-00524)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2020
Before:  AMBRO, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: April 9, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant James Campbell, a federal inmate proceeding pro se and in forma pauperis, appeals the decision of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the judgment of the District Court.

On August 1, 2012, Campbell received two written incident reports for violations of various prison policies following a cell search at his prior place of confinement, Victorville United States Penitentiary ("USP Victorville"). The search had revealed several handmade tools (such as a screwdriver, wrench, and cutting tool), as well as a hole that had been dug into the floor of the cell and concealed with a painted board. There were two items in the hole that the officer who performed the search described as "inmate-manufactured weapons." Mem. Op., ECF No. 20 at 3. One of the incident reports ("Report No. 2333932") charged Campbell with attempted escape, manufacture and possession of a hazardous tool, and destruction of government property valued above $100. The other report ("Report No. 2333936") charged Campbell with possession of a weapon. On August 6, 2012, Campbell received notice that he was to appear before a Disciplinary Hearing Officer ("DHO") regarding the charges.

Campbell had two hearings at USP Victorville on October 17, 2012, for which he was provided with a staff representative. For Report No. 2333932, he requested as witnesses 16 inmates and the author of the incident report. The DHO denied the request, noting that the inmates' statements were irrelevant to Campbell's defense. During the

2

hearing, Campbell admitted making and possessing the tools, as well as digging the hole, but he argued that the tools were not hazardous and that he had not attempted to escape. The DHO dropped the escape charge and reduced the destruction of property charge. For the remaining violations, Campbell was sanctioned to segregated housing, loss of good conduct time, and loss of visitation and email privileges. For Report No. 2333936, Campbell did not request witnesses. Photographs of the items were presented at the hearing, though Campbell's request to have the items themselves presented was denied. Campbell made a statement that the objects were tools, not weapons. He was found guilty of possessing a weapon and sanctioned to segregated housing, loss of good conduct time, and loss of visitation privileges. Campbell was provided with a written report from each hearing.

Campbell appealed, and the decision regarding Report No. 2333932 was remanded. A rehearing was held at USP Allenwood, Campbell's current place of confinement, on January 13, 2015. Campbell was provided with a staff representative and renewed his original witness requests. Citing the preference to avoid repetitive testimony, the DHO allowed Campbell to pick three witnesses. The DHO declined to hear from the author of the incident report, noting that the officer's speculation as to the potential use of the found tools was irrelevant to the charges. Two inmate witnesses testified that Campbell was known to make various useful, nonhazardous items and perform repairs for other inmates' goods. Campbell also provided a written statement.

3

After reviewing the available evidence, the DHO upheld the original sanctions. Campbell was provided with a written report of the DHO's decision.

Campbell then filed a § 2241 petition claiming that his due process rights were violated because (1) the DHOs restricted the number of witnesses he could call, (2) the rehearing DHO failed to consider his written statement, (3) he was not provided adequate representation at any of his hearings, and (4) the DHOs' decisions were against the weight of the evidence. The District Court denied Campbell's petition, concluding that he was afforded due process, that there was "some evidence" to support the DHOs' findings of guilt for all charges, see Superintendent v. Hill, 472 U.S. 457 (1985), and that the sanctions imposed were within the limits of 28 C.F.R. § 541.3. Campbell filed a motion for reconsideration, which the District Court denied.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We review the District Court's denial of habeas corpus relief de novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Federal prisoners have a liberty interest in statutory good time credits. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see also 18 U.S.C. § 3624(b)(1); Vega, 493 F.3d at 317 n.4. Thus, a prison disciplinary hearing that may result in the loss of good conduct time must provide the following due process safeguards, in a proceeding before an impartial decision-making body: (1) at least twenty-four hours of advance written notice

4

of the charges, (2) an opportunity to call witnesses and present documentary evidence, (3) assistance from an inmate representative if the charge involves complex issues or if the prisoner is illiterate, and (4) a written decision explaining the evidence relied upon and the reasons for the disciplinary action. See Wolff, 418 U.S. at 563–67. Further, the decision must be supported by "some evidence in the record" that could support the DHOs' conclusions. See Hill, 472 U.S. at 455–56. This standard is minimal and "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455.

We agree with the District Court's conclusions and have little to add to its thorough and well-reasoned memorandum. Campbell received due process in accordance with Wolff because he was provided with notice several days in advance of his DHO hearings, the opportunity to present witnesses and documentary evidence, the opportunity to have representation, and written reports containing the reasons for the decisions. The DHOs provided legitimate reasons for refusing to call all of Campbell's requested witnesses. See Wolff, 418 U.S. at 566 (noting that a DHO has "necessary discretion" regarding an inmate's restricted right to call witnesses). Campbell's bare allegations that the rehearing DHO failed to consider his written statement and that his staff representatives were unprepared are insufficient to establish a due process violation. To the extent that Campbell challenges the DHOs' reliance on photographs of the items in

5

question rather than the objects themselves, their doing so did not violate his due process rights under Wolff.

Additionally, the DHOs' decisions meet the due process requirement of being supported by "some evidence in the record" under Hill. Regarding both incident reports, the evidence included photographs of the tools, the written reports detailing the search of Campbell's cell, the manner in which the tools had been concealed, and detailed descriptions of the tools. The rehearing also included written statements from Campbell and two witnesses. Campbell argued that because the attempted escape charge was dropped in Report No. 2333932, the tools could not have been found to be "hazardous" under the cited code. However, documents attached to his petition indicate that the cited code not only penalizes the possession of escape tools, but also tools "most likely to . . . serve as weapons . . . or those hazardous to institutional security or personal safety." ECF No. 1-2 at 93. Moreover, Campbell's contention that the items found to be weapons in Report No. 2333936 were blunt was contradicted by the incident report, which described both items as "sharpened," as well as the DHO's observation of the photographs. See ECF No. 1-2 at 41. Therefore, we agree with the District Court's conclusion that the evidence was sufficient to support the DHOs' decisions. See Denny, 708 F.3d at 145 (explaining that a reviewing court "need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause") (citing Hill, 472 U.S. at 456).

6

As this appeal presents no substantial question, we will affirm the District Court's

judgment.  <u>See</u> 3d LAR 27.4 and I.O.P. 10.6.